Harold G. WELLS, Appellant,

v.

The STATE of Texas, Appellee.

No. 55772.

Court of Criminal Appeals of Texas,
Panel No. 2.

Jan. 17, 1979.

Rehearing En Banc Denied
March 28, 1979.

Joe K. Crews, Tyler, for appellant.

Bobby Phillips, County Atty., Carthage, Johnny McCollum, Asst. Crim. Dist. Atty., Marshall, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for driving while intoxicated; punishment was assessed by the jury at 21 days in jail and a $500.00 fine.

The sufficiency of the evidence is not challenged. Appellant contends the prosecutor made an improper comment in the presence of the jury implying an extraneous offense, and that the state produced evidence that appellant refused a breathalyzer test.

■ Regarding the alleged extraneous offense, the record reflects:

"THE COURT: Mr. Phillips you may arraign the Defendant.

"MR. PHILLIPS [Prosecutor]: Let's see, are these all the papers—where is the—

"MR. McCOLLUM [Prosecutor]: This is the old one.

"MR. DAVES [Defense counsel]: Your Honor, may I approach the bench?

"THE COURT: Yes. Retire the jury."

Appellant argues that the comment "This is the old one" conveyed to the jury the fact that appellant had been the subject of another charge. We consider the comment to be too ambiguous, taken in context, to carry such an implication. Furthermore, at counsel's request, the jurors were instructed to disregard any statement they may have overheard. The ground of error is overruled.

■ In his other ground of error appellant contends reversible error was committed when evidence was presented that he refused to take a breath test for intoxication after the arresting officer took him to the courthouse. Appellant relies on *Dudley v. State*, Tex.Cr.App., 548 S.W.2d 706, and *Cardwell v. State*, Tex.Cr.App., 243 S.W.2d 702, among other cases.

We do not construe the record to reflect a refusal to take the test such as to invoke the constitutional and statutory protections applied in those cases. These excerpts from the officer's testimony show what occurred:

"On reaching the patrol office I requested that he take a breath test . .

"I requested that he take a breath test, and Mr. Wells said he would. Attempting to give him the breath test the subject would never blow into the instrument. . . .

"He would just pretend like he would blow into it, just putting the mouthpiece up to his mouth and then putting his tongue over the end of it and he would just blow up his cheeks but he never would blow into the instrument . . ."

This evidence did not tend to prove an inadmissible refusal to have the test administered. Instead, it shows appellant's consent to have the test administered coupled with an attempt to avoid detection by only appearing to submit to the test and securing a false and favorable test result. His conduct was admissible as a circumstance indicative of guilt, much as flight and attempts to conceal incriminating evidence or elude officers carry such implications. Cf. *Graham v. State*, Tex.Cr.App., 566 S.W.2d 941, 951; *Hodge v. State*, Tex.Cr.App., 506 S.W.2d 870, 872 (on motion for rehearing). The ground of error is overruled.

■ By a supplemental brief appellant contends fundamental error occurred when the complete voir dire examination of the jury was not recorded by the court reporter even though he filed a motion requesting such a record be made pursuant to Art. 40.09(4), V.A.C.C.P. He relies on *Cartwright v. State*, Tex.Cr.App., 527 S.W.2d 535, and *Ex parte Jones*, Tex.Cr.App., 562 S.W.2d 469. Although the record does contain a motion for such a record, there is no indication that the motion was ever brought to the trial court's attention. The mere filing of such a motion does not constitute "an affirmative request for the court reporter to take the record under Article 40.-09," *Presley v. State*, Tex.Cr.App., 538 S.W.2d 624, 626, so as to invoke the rule of *Cartwright* and *Jones*. The motion must be called to the attention of the court before it will constitute an affirmative request. The ground of error is overruled.

The judgment is affirmed.