George M. FLORES, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–93–442–CR.

Court of Appeals of Texas, Corpus Christi.

Dec. 15, 1994.

Rehearing Overruled Jan. 5, 1995.

James R. Lawrence, Corpus Christi, for appellant.

Carlos Valdez, Dist. Atty., James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, for appellee.

Before KENNEDY, FEDERICO G. HINOJOSA, Jr. and YAÑEZ, JJ.

KENNEDY, Justice.

A jury found appellant guilty of murder and assessed his punishment at 99 years in prison. We affirm.

■ In point of error one, appellant contends that the State failed to establish that he was the person who committed the offense. In reviewing the sufficiency of the evidence, an appellate court views the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 309, 99 S.Ct. 2781, 2783–84, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154, 161–65 (Tex.Crim.App.1991).

■ The jurors were authorized to convict appellant if they found that he acted alone, or if he was an accomplice of Edward De La Cruz, in committing the murder of Robert "Speedy" Hernandez. The record shows that police Officer Doug May was dispatched to a fight at a laundromat. When he arrived, he found Hernandez lying in the street, semi-conscious. Hernandez had a large slash wound across his face, two large stab wounds in his chest, and a cut on one of his arms. May was never able to speak to Hernandez.

The cause of death was stab wounds to the heart.

Officer David Mihalco was also dispatched. He learned that a fight had occurred about ten minutes earlier. Two persons, described as Hispanic males, had come into the laundromat and had argued with Hernandez and Frank Gonzalez. The two persons left but then returned several minutes later and a fight broke out.

Paul Salazar testified that he was a security officer for Texas State Security. He was driving down the street and noticed someone at a laundromat swinging a four-foot long baton at a crowd of people. A taller man was behind the man swinging the stick. The short man had a white muscle shirt. The taller man was wearing a striped long-sleeve shirt. From what Salazar saw, he believed these two men were the aggressors. Salazar proceeded to a nearby location and called the police. Salazar then proceeded back to the laundromat. Salazar saw one individual lying in the street and the two aggressors running off.

Frank Gonzalez testified that Robert Hernandez was his friend and co-worker. On the night of the killing, Hernandez was very intoxicated. Gonzalez saw an Anglo man and a Hispanic woman arguing with two Hispanics. The two Hispanic men left but returned about five minutes later with knives and a stick. Gonzalez identified appellant as the shorter of the two Hispanic men he saw that night. Appellant was carrying a kitchen knife with a five inch blade and a stick. Gonzalez later learned that the taller man was Mr. De La Cruz. Gonzalez testified that De La Cruz had a "regular knife" with a five inch blade. Appellant stood in front of the laundromat swinging his stick and knife. De La Cruz chased another man, Mr. Horner, across the street. Gonzalez grabbed some empty beer bottles and told appellant to "get out of here." Appellant left, signalling De La Cruz that it was time to go. Hernandez told Gonzalez, "Hey get back inside, man, because you are going to get hurt," but then Hernandez started walking down the street. Then appellant and De La Cruz grabbed Hernandez and knocked him down on the ground. Hernandez did not have a weapon

or beer bottle. Hernandez did not threaten anyone. Gonzalez saw both men stabbing Hernandez in the chest. After they finished stabbing, they took off running.

Greg Horner described what happened that night. His version is generally consistent with the facts related by Gonzalez, although Horner testified that appellant had a butterfly knife. Horner, who was chased across the street by De La Cruz, did not see the Hernandez stabbing. When he came toward the laundromat, he saw a "guy laying in the street who had been stabbed several times." Horner identified appellant as being the shorter of the two Hispanic men who were involved in the altercation.

Appellant testified in his own defense. He stated that he and his friend De La Cruz got into a confrontation with "two white males." One of the white males pulled out a dagger, so appellant chased him into the laundromat with a stick. Appellant said that when people in the laundromat started throwing quarts, he took off. Appellant ran back to his house. Appellant did not know where De La Cruz went. Appellant denied having a knife or helping De La Cruz do anything.

We find this evidence sufficient to support the conviction. Gonzalez's testimony directly inculpates appellant as one of the persons who stabbed Hernandez in the chest. The jury was entitled to believe Hernandez's incriminating testimony and reject appellant's claims of innocence. The evidence is sufficient to support the conviction either as the primary actor or as De La Cruz's accomplice. Point one is overruled.

■ In point two, appellant contends that the trial court erred in not granting his motion for mistrial when it was discovered that "no court reporter took down a transcription of what transpired when the jury returned with a verdict on punishment." The statement of facts shows the trial judge excusing the jury to begin deliberations. The record then reflects:

(WHEREUPON the jury returned with a verdict in the punishment phase and delivered it to the Court inadvertently without the presence of the court reporter. Consequently the defendant was brought back

the following day to be resentenced into the record.)

The proceedings on "the following day" are transcribed. There, the prosecutor stated into the record what had happened the previous day after the jury indicated it had reached a verdict. Appellant's counsel then moved for a mistrial on the basis that no court reporter had been present the previous day when the verdict was returned. The Court then made detailed findings into the record concerning the events the previous day which were not recorded and overruled appellant's motion for mistrial.

Tex.R.App.P. 11(a) states that the duties of a court reporter include "attending all sessions of court and making a full record of the evidence when requested by the judge or any party to a case ..." The State responds that 11(a) concerns the taking of "evidence," that appellant never requested to have the court reporter present for the taking of the verdict, and, in any event, appellant does not claim any harm.

■ We find no reversible error. Although an appellant is entitled to a complete statement of facts, where a witness testifies in the absence of the court reporter and the appellant fails to object, the appellant is not entitled to a new trial. *Rogers v. Cigna Insurance Company of Texas,* 881 S.W.2d 177, 181 (Tex.App.—Houston [1st Dist.] 1994, no writ hist.) (citing *Robinson v. Robinson,* 487 S.W.2d 713, 714 (Tex.1972), and *Weaver v. Westchester Fire Ins. Co.,* 739 S.W.2d 23, 24 (Tex.1987)). In a criminal case, the Houston Court has also held that, under rule 11(a)(1), "the requirement of a court reporter must be asserted." *See Osborne v. State,* 845 S.W.2d 319, 322 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). While this does not mean that counsel has a burden to ask for a court reporter each time a new witness takes the stand even if the court reporter never leaves his position, counsel cannot keep silent when the court reporter openly leaves the courtroom and thereby guarantee his client a new trial. *Rogers,* 881 S.W.2d at 181.

As a defendant must object to the court reporter's absence when a witness testifies, the rule should be no different when the

court reporter is absent from the proceedings when the verdict is returned. We hold that appellant should have objected to the absence of the court reporter when the jury returned with the punishment verdict. Appellant does not claim that he objected, and the trial court's findings concerning this matter show no objection. Accordingly, point two is overruled.

Appellant has also filed a motion objecting to the portion of the record wherein the parties and the trial court addressed what had occurred when the jury returned the punishment verdict. Appellant's contention is that the State failed to comply with Tex. R.App.P. 52 concerning the making of a bystander's bill of exception. We have reviewed the rules and find no error. Accordingly, appellant's motion titled, "Appellant's Objections To The Appellate Record," is overruled.

The judgment of the trial court is affirmed.