Manuel Ibarra SANDOVAL, a/k/a Juan Hernandez Rodriguez, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–95–156–CR.

Court of Appeals of Texas, Corpus Christi.

June 13, 1996.

Rehearing Overruled Aug. 15, 1996.

Discretionary Review Refused Nov. 20, 1996.

Larry Warner, Brownsville, for appellant.

Luis V. Saenz, District & County Attorney, Robert H. Moore, Jr., Assistant County (Criminal Dist.) Attorney, Brownsville, for appellee.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

A jury found appellant, Manuel Ibarra Sandoval a/k/a Juan Hernandez Rodriguez, guilty of the offense of burglary of a habitation. After appellant pleaded true to two enhancement paragraphs, the jury found the enhancement allegations to be true and assessed punishment at 25 years' confinement and a $2,500 fine. In a motion for new trial, appellant noted that a bomb threat had occurred at the courthouse during the time that the jury was deliberating on punishment. The affidavit of appellant's trial counsel was attached to the motion. Appellant asked the trial court to presume harm. Although appellant requested a hearing, the trial court denied the motion without a hearing.

The record does not reflect the alleged bomb threat. Appellant contends that the trial court erred in overruling the motion for new trial without a hearing and that this error denied appellant his federal and state constitutional rights. By four points of error, appellant claims that the following constitutional provisions were violated: 1) TEX. CONST. art. I, §§ 10, 15; 2) U.S. CONST.

amend. VI; 3) TEX. CONST. art. I, § 19; and 4) U.S. CONST. amend. V (which applies to the states through the Fourteenth Amendment).

■ The Texas Rules of Appellate Procedure authorize a trial court to hear evidence on a motion for new trial by affidavit or otherwise. TEX.R.APP.P. 31(d). The right to a hearing on a motion is not an absolute right. *Reyes v. State*, 849 S.W.2d 812, 815 (Tex.Crim.App.1993). We review a trial court's decision to not set a hearing under an abuse of discretion standard. *Id.* A trial court abuses its discretion if it fails to hold a hearing on a motion for new trial that raises matters which are not determinable from the record. *Jordan v. State*, 883 S.W.2d 664, 665 (Tex.Crim.App.1994); *Reyes*, 849 S.W.2d at 816. As a prerequisite to a hearing, and as a matter of pleading, motions for new trial must be supported by an affidavit of either the accused or someone else specifically showing the truth of the grounds asserted. *Jordan*, 883 S.W.2d at 665; *Reyes*, 849 S.W.2d at 816. The affidavit does not have to reflect every component legally required to establish relief, but the motion for new trial or affidavit must reflect that reasonable grounds exist for holding that such relief could be granted. *Jordan*, 883 S.W.2d at 665; *Reyes*, 849 S.W.2d at 816. The defendant need only assert reasonable grounds for relief which are not determinable from the record in order to be entitled to a hearing. *Jordan*, 883 S.W.2d at 665. If the defendant's motion and affidavit are sufficient, a hearing on the motion is mandatory. *Id.*; *Reyes*, 849 S.W.2d at 816. The purpose of the hearing is to fully develop the issues raised in the motion for new trial. *Jordan*, 883 S.W.2d at 665. That the motion was timely filed, properly presented to the trial judge, and supported by a sworn affidavit does not end the inquiry. *Id.* We must determine whether the affidavit shows reasonable grounds that would entitle the defendant to a hearing on the motion. *Id.* A motion for new trial must be sufficient to put the trial judge on notice that reasonable grounds exist to believe a new trial is warranted. *Id.*

■ Appellant's motion for new trial urged the trial court to presume harm but it did not state the nature of the harm. The motion alleged that the "jury were [sic] victims of ... [t]erroristic [t]hreats ... during their deliberations." Although this conclusory statement might be true, appellant did not establish that any juror knew of the bomb threat before the jury reached a verdict on punishment. The attorney's supporting affidavit merely states that the trial court's bailiff told the jury, "We're all going downstairs, everybody!" According to the affidavit, appellant's attorney learned of the bomb threat only after he asked the coordinator of another court. The attorney's affidavit further states that one juror was standing near a judge and newspaper reporter who *might* have been discussing the threat. These statements are not sufficient to establish, as appellant claims on appeal, that the intimidation of a bomb threat might have influenced the jury's verdict. Although appellant's motion for new trial was timely filed, presented to the trial court, and supported by his attorney's affidavit, we hold that it was not sufficient to put the judge on notice of the potential need for a new trial.

Appellant's reliance on *Liggon v. State*, 82 Tex.Crim. 514, 200 S.W. 530 (App.1918), is misplaced. In *Liggon*, the court found that appellant's motion for new trial and bills of exception sufficiently established that appellant had been denied a fair and impartial trial by mob threats. 200 S.W. at 533. These threats were made during the jury's deliberations in the view and hearing of the jury. *Id.* The court set forth the extensive factual information contained in the motion and the bills of exception which supported the claim that the jury was most likely intimidated by the mob. *Id.* at 531–33. In the instant case, however, appellant did not show that anyone involved in the trial, other than defense counsel, was aware of the bomb threat before the end of the trial.

Accordingly, we hold that the trial court did not abuse its discretion by denying appellant's motion for new trial without a hearing. We overrule appellant's four points of error.

We AFFIRM the judgment of the trial court.