**David Lamar GLOVER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–95–384 CR.**

Court of Appeals of Texas,
Beaumont.

Submitted Oct. 23, 1997.

Decided Nov. 19, 1997.

Rehearing Overruled Dec. 11, 1997.

---

W. Troy McKinney, Schneider & McKinney, Houston, for appellant.

Clyde M. Herrington, District Attorney, David V. Wilson, II, Assistant District Attorney, Lufkin, for state.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

A jury convicted David Lamar Glover of aggravated sexual assault and indecency with a child. Glover was sentenced by the jury to fifteen years' and ten years' confinement, respectively, in the Texas Department of Criminal Justice—Institutional Division. The ten year sentence for indecency with a child was probated. Glover appeals, raising eight points of error.

### Expert Testimony

■ Glover's first two points of error challenge the admission of expert testimony regarding the veracity of the complaining witnesses. William Keith, Jr., an independent social worker in private practice, testified for the State. On redirect, the following exchange took place:

> Q. [PROSECUTOR] And what you've seen in this particular case, do you see anything that causes you alarm, in regard to the possibility of a false report, or something of that nature?
>
> A. [KEITH] No, I didn't see any of that.
>
> Q. Okay.

At that point, defense counsel asked for the jury to be removed. Once the jury was absent, defense counsel moved for a mistrial on the grounds Keith was testifying as to "who is telling the truth in this matter."

We agree with the State; no error has been preserved for purposes of appeal. TEX. R.APP. P. 33.1(a).

A defendant must make a timely objection in order to preserve an error in the admission of evidence. An objection should be made as soon as the ground for objection becomes apparent. In general, this occurs when the evidence is admitted. Therefore, if a question clearly calls for an objectionable response, a defendant should make an objection before the witness responds. If he fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely and error is waived.

*Dinkins v. State,* 894 S.W.2d 330, 355 (Tex. Crim.App.1995) (citations omitted). *See also Lagrone v. State,* 942 S.W.2d 602, 618 (Tex. Crim.App.), *cert. denied,* —— U.S. ——, 118 S.Ct. 305, 139 L.Ed.2d 235 (1997).

In the instant case, the ground for objection was apparent when the question was asked. However, defense counsel offered no explanation for failing to object before the witness answered. We hold, therefore, that defense counsel's failure to make a timely objection waived error for review. Points of error one and two are overruled.

### Indecency with a child

Points of error three, four, and five all involve the sufficiency of the evidence to sustain Glover's conviction for indecency with a child. Point of error four argues the evidence is legally insufficient to sustain the jury's finding that Glover "touched the 'breast' of the complainant." The State concedes the evidence adduced at trial is legally insufficient. We agree. *See Nelson v. State,* 505 S.W.2d 551, 552 (Tex.Crim.App.1974). Point of error four is sustained. Consequently, we need not address points of error three and five.

■ Point of error six contends the conviction for aggravated assault should be reversed and remanded for a new trial because of the harm associated with the insufficient proof of indecency with a child. Before we decide if the error is reversible, we first determine whether any error occurred.

Glover's complaint is, in effect, the admission of evidence regarding indecency with a child and the alleged impact such evidence had as to the charge of aggravated assault. No objection was made before or during trial to Glover's being tried on multiple counts; and no motion to sever was filed. *See* TEX. R.APP. P. 33.1. Therefore, the evidence was properly admitted as to the offense of indecency with a child. Point of error six is overruled.

### Incomplete Record on Appeal

■ In point of error seven Glover claims to be entitled to a new trial because he has been deprived of a complete statement of facts [1] on appeal. Specifically, Glover contends the following are missing from the record before this court:

- a transcription of the reading of the verdict following the guilt/innocence phase;
- a transcription of the reading of the verdict following the punishment phase;
- a transcription of the proceedings relating to two venire members being excused as past # 40 and unreachable;
- a transcription of the proceedings relating to venire members 6 and 13 being excused;
- a transcription of the individual questioning of venire members Allen, Parks and Ivey;

A hearing in the trial court determined these portions of the proceedings were not transcribed by the court reporter.

Relying on *Culton v. State,* 852 S.W.2d 512 (Tex.Crim.App.1993); *Perez v. State,* 824 S.W.2d 565 (Tex.Crim.App.1992); *Payne v. State,* 802 S.W.2d 686 (Tex.Crim.App.1990); *Emery v. State,* 800 S.W.2d 530 (Tex.Crim. App.1990); and *Mader v. State,* 807 S.W.2d 439 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd), Glover claims the defects in the reporter's record require this court to reverse his conviction. These cases are not applicable to the present case as they all involve lost portions of the statement of facts—not portions that were never transcribed. The Court of Criminal Appeals has held a defendant is not entitled to a new trial under TEX.R.APP. P. 50(e) [2] in situations where a portion of the proceedings was not recorded. *Williams v. State,* 937 S.W.2d 479, 486 (Tex.Crim.App.1996); *Gibbs v. State,* 819 S.W.2d 821, 827–28 (Tex.Crim.App.1991). The missing portions must have been recorded but subsequently lost or destroyed. *Williams,* 937 S.W.2d at 486.

*Williams,* however, does apply to this case. In *Williams,* the court reporter failed to

---

1. Now "reporter's record." TEX.R.APP. P. 34.6.

2. Now TEX.R.APP. P. 34.6(f).

transcribe portions of the proceedings. The Court of Criminal Appeals held that "to preserve error on such a claim, a defendant must object before the trial court to the court reporter's failure to do so." *Id.* at 487 (citing *Walthall v. State,* 594 S.W.2d 74, 81 (Tex. Crim.App.1980); *Wells v. State,* 578 S.W.2d 118, 119 (Tex.Crim.App.1979)). Therefore, in accordance with *Williams,* we find error was not preserved.[3] Point of error seven is overruled.

 In point of error eight Glover claims to be entitled to a new trial because he has been deprived of a complete transcript[4] on appeal. Specifically, Glover contends the following are missing from the record before this court:

- the answer to a note from the jury regarding whether the two sentences would run consecutively or concurrently; and
- the written question from the jury concerning disputed testimony which resulted in testimony being read back to the jury.

Glover cites no authority, and this court is aware of none, requiring reversal where jury notes have been lost or destroyed, absent a showing of harm. Regarding the missing note from the jury, we agree with the trial court's finding that it is clear from the trial court's response the note asked about the testimony of T.G. The record does not reflect any objection was made to the reading back of testimony in response to that note. Ab-

sent a showing of harm, we are unwilling to say the missing note requires reversal of Glover's conviction.

The trial court found there was no evidence a response was made to the jury's question about sentencing. Our review of the record leads us to the same conclusion. The District Clerk, who is responsible for papers in the transcript, did not testify at the hearing held by the trial court to determine the cause for the deficiencies. Absent evidence a response was made, we are unable to find its absence from the record mandates reversal. Point of error eight is overruled.

## Conclusion

The judgment of the trial court is affirmed as to the conviction for aggravated assault. As to the conviction for indecency with a child, the evidence being insufficient to sustain the conviction, the judgment of the trial court is reversed and an acquittal ordered. *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978).

AFFIRMED IN PART; REVERSED AND ACQUITTED IN PART.

---

**3.** The Court of Criminal Appeals does not enlighten litigants as to how they can always discern if the court reporter is failing to transcribe the proceedings.

**4.** Now "clerk's record." Tex.R.App. P. 34.5.