TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00487-CR






Jimmy Martinez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-98-0729-S, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING (1)







 Appellant Jimmy Martinez appeals his conviction for aggravated sexual assault of
a child younger than fourteen years of age. See Act of May 28, 1997, 75th Leg., R.S., ch. 1286,
§ 2, 1997 Tex Gen. Laws 4911. (Tex. Penal Code art. 22.021(a)(1)(B)(i)(2)(B), since amended). (2) 
The jury found appellant guilty and assessed his punishment at forty years' imprisonment.


Issues Raised


 Appellant advances four issues in the form of questions. First, he notes that the
trial court overruled his motion for new trial based on jury misconduct because it was not
supported by an affidavit. Appellant then questions whether the trial court erred "in applying the
affidavit requirement found in the text of the rule for civil cases to the case at hand which is a
criminal proceeding[.]" Second, appellant questions whether the trial court erred in refusing to
allow him "to make his bill to show the appellate court what the record would have shown had
the jurors testified." Third, appellant asks: "Is the application of Rule 606(b), Texas Rules of
Evidence, unconstitutional as applied to criminal cases in Texas in general and the case at hand
in particular[.]" Lastly, appellant points to thirteen instances where the court reporter failed to
record bench conferences during the trial. Disclaiming any waiver of the right to have the court
reporter make a full record of all court proceedings, appellant asks if he is "entitled to a new trial
under TRAP 34.6(f)?"

 Appellant does not challenge the sufficiency of the evidence to support the
conviction. Thus, a recitation of the facts is unnecessary. Three of the issues raised concern what
the briefs refer to as appellant's motion for new trial. An examination of the record reveals that
the reference should be to an amended motion for new trial, leaving an air of mystery about the
original motion. (3) It is, however, the trial court's rulings on the amended motion for new trial and
related matters which are before this Court. At the post-trial hearing, the trial court found that
the amended motion was not supported by affidavit and refused a hearing on the issue of jury
misconduct.


Motion for New Trial--Juror Misconduct


 The right to a new trial in a criminal case is governed by the current Rules 21.1-21.9 of the Texas Rules of Appellate Procedure. (4) The right to move for a new trial is purely
statutory or governed by the rules. The remedy must be pursued in the matter prescribed by
statute or by rule. See Dugard v. State, 688 S.W.2d 524, 528 (Tex. Crim. App. 1985), overruled
on other grounds, Williams v. State, 780 S.W.2d 802, 803 (Tex. Crim. App. 1989). The right
to a hearing on a motion for a new trial is not an absolute right. See Torres v. State, 4 S.W.3d
295, 296 (Tex. Crim. App. 1999); Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993);
Moore v. State, 4 S.W.3d 269, 278 (Tex. App.--Houston [14th Dist.] 1999, no pet. h.); Sandoval
v. State, 929 S.W.2d 34, 36 (Tex. App.--Corpus Christi 1996, pet. ref'd). It is generally within
the trial court's sound discretion to grant or deny a motion for new trial. See Waller v. State, 931
S.W.2d 640, 644 (Tex. App.-- Dallas 1996, no pet.). The trial court's decision is not to be
disturbed unless the court abused its discretion. See Appleman v. State, 531 S.W.2d 806, 810
(Tex. Crim. App. 1976). This rule also applies when the trial court denies the motion without
an evidentiary hearing. See Reyes, 849 S.W.2d at 815; Sandoval, 929 S.W.2d at 36. A trial
court abuses its discretion if it fails to hold a hearing on a motion for new trial that raises matters
which are not determinable from the record. See Jordan v. State, 883 S.W.2d 664, 665 (Tex.
Crim. App. 1994).

 As a prerequisite to a hearing, however, and as a matter of pleading, motions for
a new trial generally must be supported by an affidavit of either the accused or someone else
specifically showing the truth of the grounds asserted. See id. at 665; Davila v. State, 961
S.W.2d 610, 612 n.3 (Tex. App.--San Antonio 1997, no pet.). In fact, a motion for new trial
alleging jury misconduct, as in the instant case, must be supported by the affidavit of a juror or
some other person who was in a position to know the facts, or must state some reason or excuse
for failing to produce the affidavit. See Dugard, 688 S.W.2d at 528; Bearden v. State, 648
S.W.2d 688, 690 (Tex. Crim. App. 1983); Malbrough v. State, 846 S.W.2d 926, 927 (Tex.
App.--Houston [14th Dist.] 1993, pet. ref'd). Such affidavit must demonstrate that reasonable
grounds exist for believing that jury misconduct occurred. See Vera v. State, 868 S.W.2d 433,
435 (Tex. App.--San Antonio 1994, no pet.). A defendant is not entitled to a "fishing expedition"
into supposed jury misconduct. See Mason v. State, 459 S.W.2d 855, 858 (Tex. Crim. App.
1970). The general rule serves the dual purpose of discouraging "fishing expeditions" in the
hopes of impeaching a jury verdict as well as providing reasonable notice to both the trial court
and the State as to the specific instances of alleged misconduct. See Cuellar v. State, 943 S.W.2d
487, 491 (Tex. App.--Corpus Christi 1996, pet. ref'd).

 If the motion for new trial alleging jury misconduct is not verified and no affidavit
is filed to support it and there is a failure to account for its absence, the motion, as a pleading,
is insufficient. See Chamberland v. State, 338 S.W.2d 726, 728 (Tex. Crim. App. 1961); State
v. Davenport, 866 S.W.2d 767, 772 (Tex. App.--San Antonio 1993, no pet.). In such a situation,
the defendant is not entitled to a hearing on his motion for new trial based on jury misconduct, 

See Bearden, 648 S.W.2d at 691; Brown v. State, 804 S.W.2d 566, 569 (Tex. App.--Dallas 1989,
pet. ref'd ), and the trial court is justified in overruling the motion. See Hicks, 171 S.W. 755,
762-63 (Tex. Crim. App. 1914) (op. on reh'g); Guidry v. State, 896 S.W.2d 381, 387 (Tex.
App.--Texarkana 1995, pet. ref'd). The trial court may also quash the subpoenas of the jurors. 
See Mason, 459 S.W.2d at 858.


The Ruling


 The visiting trial judge pointed out to appellant's counsel that the amended motion
for new trial was not supported by affidavit and that he was not entitled to a "fishing expedition." 
In accordance with the case law, the trial court overruled the amended motion without a hearing. (5)


Appellant's Arguments


 Appellant argues that the Texas Rules of Appellate Procedure, the current version
as well as its immediate forerunner, are silent as to any requirement of an affidavit to support a
motion for new trial. Appellant is correct. See 43 George E. Dix & Robert O. Dawson, Criminal
Practice and Procedure, § 41.23 n.1 at 3 (Texas Practice Supp. 1999). What appellant overlooks
is the fact that the provisions of the 1965 Code of Criminal Procedure and its forerunners
governing motions for new trial were also silent as to the requirement of an affidavit. The
requirement was judicially imposed long ago. See Conner v. State, 877 S.W.2d 325, 327 n.3
(Tex. Crim. App. 1990); Bearden, 648 S.W.2d at 690; Hicks, 171 S.W. at 762-63. There is
nothing in the current rules of appellate procedure applicable to the instant case to indicate that
the Court of Criminal Appeals intended to change the long-standing case law. The judicially
imposed requirements remain in place. We reject appellant's contention.

 Appellant also advances the argument with regard to the affidavit requirement that
the trial court improperly relied upon Rule 327(a) of the Texas Rules of Civil Procedure (6) in a
criminal case. There is no showing that the trial court mentioned or utilized Rule 327(a). In view
of the abundance of criminal case law, there was no necessity for the trial court to rely upon Rule
327(a) in its ruling. Moreover, there was no objection to the trial court's ruling on this basis. 
See Tex. R. App. P. 33.1.

 The trial court did not abuse its discretion in denying a hearing and overruling the
amended motion for new trial based on jury misconduct. The first issue is overruled.


Refusal to Allow Jurors to Testify


 In his second point of error, appellant questions whether the trial court erred "in
refusing to allow appellant's counsel to make his bill to show the appellate court what the record
would have shown had the jurors testified[.]"

 After the trial court refused to conduct a new trial hearing on the issue of jury
misconduct and to allow appellant to conduct a "fishing expedition," appellant asked to make a
bill of exception by interrogating the eleven jurors who were present about possible jury
misconduct. The trial court refused. The law prohibits a party to do indirectly what the party
may not do directly. There was no hearing on the issue of jury misconduct, so there was no
evidence excluded at a hearing which would have entitled appellant to make an informal bill of
exception or an offer of proof. See Tex. R. Evid. 103(a)(2), (b). Appellant has cited no authority
to support his position. The second point of error is overruled.


Rule 606(b)


 Appellant's third issue is best explained by setting forth the issue in full:


The privilege against self-incrimination extends not only to the right to refrain
from testifying at trial, but also to an extension of that privilege to the principle
that the fact that the defendant does not testify cannot be used as an inference of
guilt and should not prejudice the defendant in any way whatsoever. Is the
application of Rule 606(b), Texas Rules of Evidence, unconstitutional as applied
to criminal cases in Texas in general, and the case at hand in particular?



 In this seemingly multifarious contention, appellant relies upon federal and state 
constitutional provisions concerning the privilege against self-incrimination. (7) He cites Carter v.
Kentucky, 450 U.S. 288 (1981), which held that a jury instruction requested by a state criminal
defendant concerning a defendant's failure to testify was required by the privilege against self-incrimination protected by the Fifth and Fourteenth Amendments to the United States Constitution. 
Id. at 305. It is not clear just how appellant would apply Carter to the instant case. The required
instruction was given. We reject appellant's contention that the privilege against self-incrimination gives a convicted defendant the right to inquire of jurors whether they followed the
jury instruction without regard to state statutory procedures. Carter did not so hold nor can
Carter be stretched that far.

 In the next phase of appellant's argument, he questions the constitutionality of Rule
606(b) of the Texas Rules of Evidence (8) as applied in the instant case and as applied generally in
Texas criminal cases. Rule 606(b) is a limitation upon a juror's testimony. In the instant case,
there was no hearing on the issue of jury misconduct. Without a hearing, there were no juror-witnesses to whom Rule 606(b) would have been applicable. The trial court denied a hearing on
the issue of jury misconduct absent an affidavit supporting the new trial motion. Rule 606(b)
never came into play.

 As to appellant's question as to the constitutionality of Rule 606(b) as applied
generally in criminal cases, this Court is not authorized to issue advisory opinions. See Perez v.
State, 938 S.W.2d 761, 764 (Tex. App.--Austin 1997, pet. ref'd). Neither the court of criminal
appeals nor courts of appeals have the authority to render advisory opinions. See Armstrong v.
State, 805 S.W.2d. 791, 794 (Tex. Crim. App. 1991) (citing Ex parte Ruiz, 750 S.W.2d 217, 218
(Tex. Crim. App. 1983)); see also Gonzales v. State, 864 S.W.2d 522, 524 (Tex. Crim. App.
1993) (Baird, J., concurring). The third issue is overruled. (9)


Unrecorded Bench Conferences


 In the fourth issue, appellant asks whether he is "entitled to a new trial under
TRAP 34.6(f)" if the court reporter failed to record bench conferences. Appellant claims the right
to the making of a full record. See Tex. R. App. 13.1. It is only the bench conferences which
are "missing" from this record.

 Rule 34.6(f) of the Texas Rules of Appellate Procedure provides:


(f) Reporter's Record Lost or Destroyed. An appellant is entitled to a new trial
under the following circumstances:


 (1) if the appellant has timely requested a reporter's record;


 (2) if, without the appellant's fault, a significant exhibit or a significant
portion of the court reporter's notes and records has been lost or
destroyed or--if the proceedings were electronically recorded--a significant
portion of the recording has been lost or destroyed or is inaudible;


 (3) if the lost, destroyed, or inaudible portion of the reporter's record, or the
lost or destroyed exhibit, is necessary to the appeal's resolution; and


 (4) if the parties cannot agree on a complete reporter's record.



 Appellant calls our attention to thirteen bench conferences where the court
reporter's record reflects "At the Bench, off the Record" in each situation. Under Rule 34.6(f),
the simple answer to appellant's question is "no." The "missing" record complained of was never
created so it could never be lost or destroyed as contemplated by Rule 34.6(f).

 In Williams v. State, 937 S.W.2d 479, 486 (Tex. Crim. App. 1996), the court
reporter failed to take notes and transcribe the audio portion of a video tape the defendant played
to the jury. The defendant did not object, but on appeal claimed an incomplete record under Rule
50(e), the forerunner to Rule 34.6(f) of the current rules. There, the Williams court stated:


The rule, by its plain wording, clearly applies only in situations in which a portion
of the proceeding was recorded, but later lost or destroyed. When the complaining
party cannot show that the court reporter ever recorded the missing proceedings,
he is not entitled to a new trial under Rule 50(e).



Id. at 486.

 We find no substantial difference between former Rule 50(e) and current Rule
34.6(f) as to call for a different result than in Williams. Rule 34.6(f) is not applicable to the
instant case. Cf. Glover v. State, 956 S.W.2d 146, 148 (Tex. App.--Beaumont 1997, pet. ref'd).

 To preserve error on a claim that the court reporter failed to record certain
proceedings, a defendant must object before the trial court. See Williams, 937 S.W.2d at 487;

Walthall v. State, 594 S.W.2d 74, 81 (Tex. Crim. App. 1980) (bench conferences); Wells v.
State, 578 S.W.2d 118, 119 (Tex. Crim. App. 1979) (voir dire); Quinn v. State, 991 S.W.2d 52,
54 (Tex. App.--Fort Worth 1998, pet. ref'd) (bench conferences); Flores v. State, 894 S.W.2d
803, 805-06 (Tex. App.--Corpus Christi 1994, pet. ref'd) (return of verdict--testimony of one
witness). Appellant did not object in the instant case and has not even claimed or shown that
anything pertinent to the appeal occurred in any of the thirteen bench conferences. See Walthall,
594 S.W.2d at 81. The fourth point of error is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Kidd, Patterson and Onion*

Affirmed

Filed: March 23, 2000

Do Not Publish





* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Honorable Curt Steib, a visiting district judge, presided at the hearing on the amended
motion for new trial.
2. Now codified as Tex. Penal Code Ann. § 22.021(a)(1)(B)(i)(2)(B) (West Supp. 2000).
3. On June 14, 1999, appellant timely filed a motion for new trial simply alleging that the
verdict was "contrary to the law and evidence." See Tex. R. App. P. 21.3(h). Attached thereto
was appellant's personal affidavit that the statements in the motion were "true and correct." Four
days later, the regular trial court judge overruled the motion stating in his order that the motion
only raised the issue of whether the verdict was contrary to the law and evidence "and does not
raise any new evidentiary issues and consequently no hearing is necessary on said motion." The
trial court order is dated June 18, 1999, but bears no file mark. On the same date, appellant filed
an amended motion for new trial raising the issue of jury misconduct. The file mark thereon
shows it was filed at 3:45 p.m. on June 18, 1999. It is unclear from the record whether the trial
court order or the amended motion came first. A defendant may file an amended motion for new
trial without leave of the court only if the amended motion is timely and filed before the court
overrules any preceding motion for new trial. See Tex. R. App. P. 21.4(b); Starks v. State, 995
S.W.2d 844, 846 (Tex. App.--Amarillo 1999, no pet.). At the post-trial hearing, the visiting judge
noted the possibility that the amended motion was not properly before the court and that evidence
on the matter might be needed. The visiting judge, however, overruled the amended motion on
the basis of other deficiencies.
4. See also Tex. Code Crim. Proc. Ann. art. 40.001 (West Supp. 2000) ("A new trial shall
be granted an accused where material evidence favorable to the accused has been discovered since
trial.").
5. The unverified amended motion for new trial itself did not set forth reasonable grounds
for believing jury misconduct occurred because of comments on appellant's failure to testify.
6. Tex. R. Civ. P. 327(a).
7. See U.S. Const. amend. V; Texas Const. art. I, § 10; see also Tex. Code Crim. Proc.
Ann. art. 1.05 (West 1977).
8. Rule 606(b) of the Texas Rules of Evidence provides:


(b) Inquiry into Validity of Verdict or Indictment. Upon an inquiry into
the validity of a verdict or indictment, a juror may not testify as to any
matter or statement occurring during the jury's deliberations, or to the
effect of anything on any juror's mind or emotions or mental processes,
as influencing any juror's assent to or dissent from the verdict or
indictment. Nor may a juror's affidavit or any statement by a juror
concerning any matter about which the juror would be precluded from
testifying be admitted in evidence for any of these purposes. However,
a juror may testify: (1) whether any outside influence was improperly
brought to bear upon any juror; or (2) to rebut a claim that the juror was
not qualified to serve.


The rule in its present form became effective March 1, 1998.
9. For constitutional attacks on Rule 606(b) or its forerunner which have been rebuffed,
see Sanders v. State, 1 S.W.3d 885, 888 (Tex. App.--Austin 1999, no pet.) (not denied fair and
impartial jury); Soliz v. Saenz, 779 S.W.2d 929, 934-35 (Tex. App.--Beaumont 1989, writ denied)
(not denied equal protection, due process, or fair and impartial jury); King v. Bauer, 767 S.W.2d
197, 198-99 (Tex. App.--Corpus Christi 1989, writ denied) (not denied due course of law).


 John F. Onion, Jr., Justice

Before Justices Kidd, Patterson and Onion*

Affirmed

Filed: March 23, 2000

Do Not Publish





* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Honorable Curt Steib, a visiting district judge, presided at the hearing on the amended
motion for new trial.
2. Now codified as Tex. Penal Code Ann. § 22.021(a)(1)(B)(i)(2)(B) (West Supp. 2000).
3. On June 14, 1999, appellant timely filed a motion for new trial simply alleging that the
verdict was "contrary to the law and evidence." See Tex. R. App. P. 21.3(h). Attached thereto
was appellant's personal affidavit that the statements in the motion were "true and correct." Four
days later, the regular trial court judge overruled the motion stating in his order that the motion
only raised the issue of whether the verdict was contrary to the law and evidence "and does not
raise any new evidentiary issues and consequently no hearing is necessary on said motion." The
trial court order is dated June 18, 1999, but bears no file mark. On the same date, appellant filed
an amended motion for new trial raising the issue of jury misconduct. The file mark thereon
shows it was filed at 3:45 p.m. on June 18, 1999. It is unclear from the record whether the trial
court order or the amended motion came first. A defendant may file an amended motion for new
trial without leave of the court only if the amended motion is timely and filed before the court
overrules any preceding motion for new trial. See Tex. R. App. P. 21.4(b); Starks v. State, 995
S.W.2d 844, 846 (Tex. App.--Amarillo 1999, no pet.). At the post-trial hearing, the visiting judge
noted the possibility that the amended motion was not properly before the court and that evidence
on the matter might be needed. The visiting judge, however, overruled the amended motion on
the basis of other deficiencies.
4. See also Tex. Code Crim. Proc. Ann. art. 40.001 (West Supp. 2000) ("A new trial shall
be granted an accused where material evidence favorable to the accused has been discovered since
trial.").
5. The unverified amended motion for new trial itself did not set forth reasonable grounds
for believing jury misconduct occurred because of comments on appellant's failure to testify.
6. Tex. R. Civ. P. 327(a).
7. See U.S. Const. amend. V; Texas Const. art. I, § 10; see also Tex. Code Crim. Proc.
Ann. art. 1.05 (West 1977).
8. Rule 606(b) of the Texas Rules of Evidence provides:


(b) Inquiry into Validity of Verdict or Indictment. Upon an inquiry into
the validity of a verdict or indictment, a juror may not testify as to any
matter or statement occurring during the jury's deliberations, or to the
effect of anything on any juror's mind or emotions or mental processes,
as influencing any juror's assent to or dissent from the verdict or
indictment. Nor may a juror's affidavit or any statement by a juror
concerning any matter about which the juror would be precluded from
testifying be admitted in evidence for any of these purposes. However,
a