

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-11-00262-CR

RAY CORONA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 391st District Court
Tom Green County, Texas
Trial Court No. D-10-0442-SA, Honorable Jay K. Weatherby, Presiding

July 3, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant Ray Corona appeals from his jury conviction of the offense of indecency with a child by sexual contact and the resulting sentence. His sentence was enhanced due to prior convictions to a life sentence. Through two issues, appellant contends the trial court erred. We will affirm.

Background

Appellant was charged by a two-count indictment, alleging in Count I that he intentionally or knowingly touched the genitals of J.C., a child under the age of 17, with his hand, and alleging in Count II, that he intentionally or knowingly caused J.C.'s hand to touch his genitals.[1]  The indictment also included an enhancement paragraph setting forth appellant's previous final felony conviction for aggravated sexual assault of a child.

At trial, prior to the commencement of voir dire, a telephoned bomb threat was received by the probation department in the courthouse.  The courthouse was evacuated.  When proceedings resumed, the trial court asked whether any members of the venire would hold the bomb threat and delay against the State or appellant.  One person responded to the question, stating, "You know, the thought crossed my mind if somebody wanted to delay a trial or have it postponed so that they could somehow take advantage of, you know, maybe having the charges dismissed, the thought crossed my mind."  The trial court responded, stating "All right.  And I will tell you that the bomb threat that was called in was called in to our Probation Department, which is in the basement.  We cleared out the whole building for that reason."  The trial court then asked, "All right.  Can all of you follow that instruction?"  The record does not indicate any member of the venire panel responded. Appellant's counsel told the court he had no objection to the instruction and did not request any further instruction be given to the jury.

---

[1] Tex. Penal Code Ann. § 21.11 (West 2012).

The court and counsel then engaged in a brief discussion, after which the venire panel was excused. At that time, appellant moved for a mistrial based on the panel member's remark regarding the bomb threat. The State argued this was an improper basis for a mistrial. After hearing arguments from both sides, the court asked appellant's counsel if this was a topic counsel could address during voir dire. Appellant agreed and the court denied the motion for mistrial.

Appellant's voir dire examination included questions asking whether potential jurors would hold the bomb threat against appellant. Five members of the panel indicated they briefly wondered if appellant had anything to do with the threat. However, no one on the panel indicated they could not proceed as a member on the jury.

The trial continued to the guilt-innocence phase. J.C. testified she is appellant's daughter, and was fourteen years old at the time of the alleged offense. On a weekend in January 2010, J.C. was visiting her father as scheduled. On Sunday, they took a nap in the motel in which they were staying. J.C. testified that as they lay on the bed, appellant touched her genitals with his hand. She also testified appellant took her hand and made her feel something "slimy" in the area of his genitals. The jury found appellant guilty as charged in Count I of the indictment and acquitted him of Count II.

Analysis

Motion for Mistrial

In appellant's first issue, he contends the trial court "committed reversible error by not instructing the jury venire to disregard the statements made by a venire person in open court and denying appellant's motion for a mistrial at voir dire."

The "traditional and preferred procedure for a party to voice its complaint" regarding an objectionable event at trial is: (1) to object when it is possible, (2) to request an instruction to disregard if the prejudicial event has occurred, and (3) to move for a mistrial if a party thinks an instruction to disregard was not sufficient. *Young v. State,* 137 S.W.3d 65, 69 (Tex.Crim.App. 2004). However, this sequence is not essential to preserve complaints for appellate review. The essential requirement for preservation is a timely, specific request that the trial court refuses. *Id.,* citing Tex. R. App. P. 33.1(a). A party may skip the first two steps and request a mistrial, but he will be entitled to one only if a timely objection would not have prevented, and an instruction to disregard would not have cured, the harm flowing from the error. *Unkart v. State,* No. PD-0628-12, 2013 Tex.Crim.App. LEXIS 818, at *9 (Tex.Crim.App. June 5, 2013), *citing Young,* 137 S.W.3d at 69.

A trial court's denial of a motion for mistrial is reviewed under an abuse of discretion standard. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex.Crim.App. 2003). Mistrial is a remedy appropriate for a narrow class of highly prejudicial and incurable errors. *Id., citing Wood v. State*, 18 S.W.3d 642, 648 (Tex.Crim.App. 2000). It may be used to end trial proceedings when faced with error so prejudicial that expenditure of

4

further time and expense would be wasteful and futile. *Simpson*, 119 S.W.3d at 272. The determination whether a given error necessitates a mistrial must be made by examining the particular facts of the case. *Ladd v. State,* 3 S.W.3d 547, 567 (Tex.Crim.App. 1999). A mistrial is not required where prejudice is curable by an instruction to the jury to disregard. *Ovalle v. State,* 13 S.W.3d 774, 783 (Tex.Crim.App. 2000).

On appeal, appellate courts generally presume the jury followed the trial court's instructions in the manner presented. *Thrift v. State,* 176 S.W.3d 221, 224 (Tex.Crim.App. 2005). The presumption is refutable, but the appellant must rebut the presumption by pointing to evidence that the jury failed to follow the trial court's instructions. *Id., citing Colburn v. State,* 966 S.W.2d 511, 520 (Tex.Crim.App. 1998).

Our disposition of appellant's first issue is governed by the Court of Criminal Appeals' analysis in *Young,* 137 S.W.3d at 69. The record here shows, and the State notes, the trial court gave what it described as an instruction regarding the potential effect of the bomb threat on the panel. Appellant's counsel told the court he had no objection to the instruction and did not request any further instruction be given to the jury. Instead, outside the presence of the panel, appellant moved for a mistrial.

Thus, appellant was given the opportunity to object to the trial court's instruction and to request further instruction, but did not do so. Accordingly, appellant's complaint concerning the lack of an instruction to disregard is not preserved. Tex. R. App. P. 33.1; *Young,* 137 S.W.3d at 69.

Appellant moved for a mistrial without objecting to the trial court's instruction or asking for an additional instruction. Appellant is, therefore, entitled to a mistrial only if an instruction would not have cured the potential harm. Appellant's agreement to explore the issue during voir dire indicates his agreement with the trial court that the venire member's remark was not so inflammatory that it could not be cured.

We find any risk of prejudice to appellant was adequately addressed by the trial court's remarks to the jury and trial counsel's voir dire examination regarding the bomb threat. Any residual harm would have been cured by a timely request for an additional instruction to disregard the specific remarks of the venire panel member regarding his opinion about the bomb threat. Appellant was not entitled to a mistrial on the basis of the remarks concerning the bomb threat and he forfeited a lesser remedy by failing to request an instruction to disregard. *Unkart*, No. PD-0628-12, 2013 Tex.Crim.App. LEXIS 818, at 20.

Moreover, counsel conducted his voir dire examination of the panel, discussing the issue of the bomb threat. No one on the panel indicated they held the bomb threat against appellant or anyone else involved in the case. We note also appellant has not pointed to evidence suggesting the jury attributed the bomb threat to appellant. Also, the record shows the jury found appellant not guilty of Count II, indicating they were not unfairly prejudiced against appellant and the bomb threat did not emotionally inflame the jury. *See Sandoval v. State,* 929 S.W.2d 34 (Tex.App.—Corpus Christi 1996, no pet.) (addressing a bomb threat in context of motion for new trial).

We overrule appellant's first issue.

Sufficiency of the Evidence

In appellant's second issue, he argues the evidence was insufficient to support his conviction. Appellant argues the jury came to "conflicting findings" because it convicted him of Count I, alleging appellant touched the child's genitals with his hand, but acquitted him of Count II, alleging he caused the child's hand to touch his genitals.

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1970); *Brooks v. State,* 323 S.W.3d 893 (Tex.Crim.App. 2010). This single standard requires the reviewing court to determine whether, considering all evidence in the light most favorable to the verdict, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Id.* at 899 (citing *Jackson*, 443 U.S. at 319). We defer to the jury's determinations of the witnesses' credibility and the weight to be given their testimony because the jury is the sole judge of those matters. *Id.*

The elements of the offense are to be defined by the hypothetically correct jury charge which, for that particular case, "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).

Section 21.11 of the penal code provides that a person commits the offense of indecency with a child if, "with a child younger than seventeen (17) years of age and not his spouse, whether the child is of the same or opposite sex, he engages in sexual contact with the child or causes the child to engage in sexual contact." Tex. Penal Code Ann. § 21.11(a)(1) (West 2012). Section 21.11 defines sexual contact as: "the following acts, if committed with the intent to arouse or gratify the sexual desire of any person: (1) any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child; or (2) any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person." Tex. Penal Code Ann. § 21.11(c) (West 2012).

The testimony of a child sexual abuse victim alone is sufficient to support a conviction for indecency with a child or aggravated sexual assault. *Soto v. State*, 267 S.W.3d 327, 332 (Tex.App.—Corpus Christi 2008, no pet.). The courts will give wide latitude to testimony given by child victims of sexual abuse. *Villalon v. State*, 791 S.W.2d 130, 134 (Tex.Crim.App. 1990) (en banc). The victim's description of what happened need not be precise, and the child is not expected to communicate with the same level of sophistication as an adult. *Soto*, 267 S.W.3d at 332. Furthermore, corroboration of the victim's testimony by medical or physical evidence is not required. *Id.* at 332; *Ozuna v. State*, 199 S.W.3d 601, 606 (Tex.App.—Corpus Christi 2006, no pet.).

J.C. was fifteen years old at the time of trial. She testified she visited with her father at a motel in San Angelo. As they napped, she woke up to find appellant touching her stomach with his hand. Even after she attempted to move away, appellant

unbuttoned her pants and touched her "private" with his hand.  He rubbed her "private" on the "front."  He put his hand inside her underwear "just at the very top."  When the prosecutor asked if her hand touched appellant's genitals, she answered, "I think so…I don't know what it was.  It was slimy. I'm guessing."

J.C.'s cousin was twelve years old at the time of trial.  He testified he was with appellant and J.C. on that occasion at the motel.  He was playing a video game.  He said he left the room once and did not see anything happen between J.C. and appellant.

As noted, in sexual abuse cases involving a child, the testimony of the victim alone is sufficient to support a conviction. *Soto*, 267 S.W.3d at 332.  Further, the jury is the sole judge of the credibility of witnesses and is free to accept or reject any or all of the evidence presented by either side. *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex.Crim.App. 2008).  As such, it was free to accept or reject some, all, or none of the child's testimony. *Id.*  The acts alleged in the two counts are different acts, and we see nothing conflicting in the jury's verdicts.  Given the uncertainty reflected in J.C.'s testimony concerning the second count, the record rather clearly supports a conclusion the jury believed appellant touched her genitals with his hand but could not conclude beyond reasonable doubt he required the child to touch his genitals.

We find the evidence sufficient to establish the requisite elements of indecency with a child by contact as alleged in Count I of the indictment.  *See* Tex. Penal Code Ann. § 22.11 (West 2012); *see generally Halbrook v. State,* No. 06-09-00204-CR, 2010 Tex.App. LEXIS 5925, at *9-10 (Tex.App.—Texarkana July 28, 2010, no pet.) (mem.

op., not designated for publication). Accordingly, we resolve appellant's second issue against him and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.