NUMBER 13-97-462-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JUAN CARLOS SOLIS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 139th District Court


of Hidalgo County, Texas.


___________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and Yañez


Opinion by Justice Yañez


 A jury found Juan Carlos Solis guilty of attempted capital murder and murder
and sentenced him to two life terms in prison. In ten points of error, appellant
challenges the convictions and the sentence. We affirm. 

 In his first point of error, appellant argues that the conviction for count three,
murder, must be reversed because the trial court failed to include in the jury charge 
the definition of reasonable doubt required under Geesa v. State, 820 S.W.2d 154,
162 (Tex. Crim. App. 1991). The United States Constitution does not require trial
courts to define reasonable doubt. Victor v. Nebraska, 114 S.Ct. 1239, 1243 (1994). 
If no proper objection is made at trial, an error requires reversal only if the error is so
egregious and created such harm that the defendant was denied a fair and impartial
trial. Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). Except for
those federal constitutional errors labeled "fundamental" by the United States Supreme
Court, "no error, whether it relates to jurisdiction, voluntariness of a plea, or any other
mandatory requirement is categorically immune to a harmless error analysis." Cain v.
State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997)(en banc). In the instant case,
no objection to the jury charge was made at trial, so wemust determine if appellant
was harmed to the extent that he was denied a fair and impartial trial.

 In its charge to the jury as to count two of the indictment, the trial court
included the definition of reasonable doubt mandated by Geesa. The court's
instructions as to count three direct the jury to find appellant guilty only if they find
him guilty beyond a reasonable doubt. The definition of reasonable doubt found in
count two is not repeated in the instructions to count three. Although under Geesa
this is an error, it is not so damaging as to have prevented a fair trial. The jurors had
a definition of reasonable doubt available as they considered count three. When the
jury considered the charge as to count three it is likely they applied the definition of
reasonable doubt provided in count two. Point of error number one is overruled.

 In his second point of error, appellant argues that the State was barred from
obtaining a conviction on count three, murder, because the State had elected not to
proceed on the first count of the indictment, which stated the elements of capital
murder. Appellant alleges that by proceeding on the charge of murder, a lesser
included offense of capital murder, the State subjected him to double jeopardy in
violation of both the United States Constitution and the Texas Constitution. 

 Once jeopardy has attached, the State is barred from retrying charges which it
drops. Ex parte Scelles, 511 S.W.2d 300, 301 (Tex. Crim. App. 1974). Jeopardy
attaches when the jury is empaneled and sworn. McElwee v. State, 589 S.W.2d 455,
457-58 (Tex. Crim. App. 1979)(en banc). After jeopardy has attached, it is not
terminated until a verdict is returned or the court discharges the jury without "manifest
necessity." Ex parte McAfee, 761 S.W.2d 771, 773-74 (Tex. Crim. App. 1988)(en
banc). When the jury was empaneled and sworn, appellant was placed in jeopardy as
to the acts charged in counts one, two and three of the indictment. He remained
under that jeopardy until the verdict was returned, at which point his jeopardy as to
the dismissed count one was terminated. See McAfee, 761 S.W.2d at 773. 
Appellant was not placed in jeopardy twice for any of the charges included in the
indictment.(1) Point of error number two is overruled.

 In his third point of error, appellant argues that the trial court erred at the
penalty phase of the trial by failing to instruct the jury that extraneous offenses
introduced by the State could not be considered unless proven beyond a reasonable
doubt. The evidence which appellant characterizes as extraneous offense evidence is,
in fact, the appellant's criminal record, which is admissible. See Tex. Code Crim. Proc.
Ann. art. 37.07(3)(a) (Vernon Supp. 2000). Point of error number three is overruled.

 Appellant argues in his fourth point of error that the trial court erred by not
giving an instruction to the jury to disregard appellant's failure to testify during the
punishment phase of the trial. Appellant neither requested such an instruction nor
objected to its absence. A criminal defendant is entitled to have the jury instructed to 
disregard his failure to testify, provided the defendant requests such an instruction or
objects to its omission. See Brown v. State, 617 S.W.2d 234, 238 (Tex. Crim. App.
1981)(en banc). This applies at the punishment phase of trial as well as the guilt-innocence phase. Breathard v. State, 767 S.W.2d 423, 432 (Tex. Crim. App.
1989)(en banc). By neither requesting an instruction to disregard his failure to testify
nor objecting to the omission of such instruction, appellant waived the right to the
instruction. Point of error number four is overruled.

 Appellant's fifth point of error is that the district court erred in making an
affirmative finding in its judgment that the defendant used a deadly weapon. The
court's finding stated that the defendant used "a deadly weapon, to wit: a firearm .
. . ." A trial court may enter an affirmative finding that a defendant used a deadly
weapon during the commission of the offense if the deadly weapon or firearm was
pled as a "deadly weapon" in the indictment and the verdict reads "guilty as charged
in the indictment," or the weapon pled is a deadly weapon per se. Polk v. State, 693
S.W.2d 391, 397 (Tex. Crim. App. 1985)(en banc). A firearm is a deadly weapon per
se. Tex. Pen. Code Ann. § 1.07(A) (Vernon 1994); Gomez v. State, 685 S.W.2d 333,
336 (Tex. Crim. App. 1985). In count two of the indictment, the defendant is charged
with having shot the victims "with a deadly weapon, to wit: a firearm . . . ." The
verdict as to count two states that the jury finds the defendant guilty of attempted
murder "as charged in count two of the indictment." Count three of the indictment
charges the defendant with causing the death of the victim "by shooting the victim
with a firearm . . . ." The verdict on count three states that the jury finds the
defendant guilty of murder "as charged in the indictment." The language of the
indictments and the verdict are in accord with the requirements laid out in Polk, 693
S.W.2d at 397. The trial court did not err in making an affirmative finding that the
defendant used a deadly weapon. Point of error number five is overruled.

 In point of error number six, appellant argues that the trial court erred in failing
to grant appellant's motion for an instructed verdict. An argument that a motion for
instructed verdict should have been granted is an argument that the evidence
presented by the State was insufficient. Madden v. State, 799 S.W.2d 683, 686
(Tex. Crim. App. 1990)(en banc); Morin v. State, 960 S.W.2d 132, 135 (Tex. App.--
Corpus Christi 1997, no pet.).

 Appellant argues that an instructed verdict should have been granted because
the evidence failed to: (1) show beyond a reasonable doubt that the murder victim was
Juan Gonzalez, and (2) establish venue. Contrary to appellant's contentions, the State 
produced ample evidence of the identity of the victim, including testimony by
witnesses at the scene of the shooting, police officers, a pre-autopsy photograph, and
the autopsy report on Juan Gonzalez. Venue was established after the motion for
instructed verdict was denied and the State was allowed to reopen its case to prove
venue through the testimony of a witness, Rene Rodriguez, that the crime occurred in
Hidalgo County. 

 A trial court may allow testimony to be introduced "anytime before . . .
argument . . . is concluded, if it appears that it is necessary to a due administration of
justice." Tex. Code Crim. Proc. Ann art. 36.02 (Vernon 1981). A failure by the trial
court to allow the State to reopen to put on evidence of venue could have been
construed under article 36.02 as being reversible error. See Cunningham v. State, 848
S.W.2d 898, 902 (Tex. App.--Corpus Christi 1993, no writ)(citing Rogers v. State,
774 S.W.2d 247, 263 (Tex. Crim. App. 1989)(statute has been construed to mean
that refusing a timely request to reopen to produce relevant and admissible evidence
is reversible error). Even without reopening, it is likely there was sufficient evidence
for a jury to find the State had proven venue. The question of whether the State has
proven venue is reviewed using the same standard as any factual sufficiency question. 
See id. The verdict will be set aside only if the appellate court finds that, upon
viewing all the evidence, the verdict is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Clewis v. State 922 S.W.2d 126, 134
(Tex. Crim. App. 1996). There was ample testimony at the trial that the shooting took
place in the City of Donna, which is in Hidalgo County. Viewed in the light most
favorable to the verdict, a rational trier of fact could have concluded that venue had
been proven even without the State re-opening to introduce further testimony. See
Cunningham v. State, 848 S.W.2d at 902-903 (circumstantial evidence supported
finding of venue) Point of error number six is overruled.

 Points of error number seven and eight challenge the legal and factual
sufficiency of the evidence, respectively.

Legal Sufficiency

 To determine if the evidence in a criminal case is legally sufficient to support the
verdict, the appellate court must consider all the evidence in the light most favorable
to the prosecution and decide if any rational trier of fact could have found the essential
elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia,
443 U.S., 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); Clewis v. State,
922 S.W.2d 126, 132-33 (Tex. Crim. App. 1996). 

 The State produced Oscar Garza, one of the victims of the shooting, who
identified the appellant as the person who shot him and the two other victims. Mr.
Garza described how the streetlight at the shooting scene was bright enough for him
to see the gunman in the backseat of the car used in the shooting. Investigator Rosas
of the Donna City Police Department described how he arrested appellant after Oscar
Garza picked the appellant out of a photographic line-up while Mr. Garza was
recovering from his injuries in the hospital. Another witness, Rene Rodriguez,
supported Oscar Garza's story, describing how Oscar Garza was closer to the car in
which the gunman was riding and was nearer to the streetlight than the other
witnesses. Mr. Rodriguez also stated that the shooting took place in the City of
Donna, in Hidalgo County. The prosecution introduced the report from the autopsy of
the deceased victim, Juan Gonzalez. Two police officers who arrived on the scene
immediately following the shooting described the scene and the discovery of spent
slugs and shell casings.

 Viewing the evidence in the light most favorable to the prosecution, we find that
a reasonable trier of fact could have concluded that all the elements of the crimes as
charged in the indictment were proven beyond a reasonable doubt. Point of error
number seven is overruled.

Factual Sufficiency 

 A verdict will be set aside as being based on factually insufficient evidence only
if the appellate court finds that, upon viewing all of the evidence, the verdict is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. Clewis v. State, 922 S.W.2d at 134.

 In the instant case, the evidence included the testimony of several witnesses
describing the shooting incident. Oscar Garza, Marcos De Los Rios, Ruben Rodriguez,
Manuel Ozuna and Rene Rodriguez all testified how several shots were fired from a
slow moving car into a crowd of people at close range. Evidence including spent
bullets and shell casings was introduced supporting the witness' testimony and
showing that the firearm used was a relatively large caliber, nine millimeter automatic
pistol. Oscar Garza identified the appellant as the man who fired the shots hitting him
and the other two victims. 

 To counter the evidence supporting the prosecution, there was testimony from
Investigator Rosas that the scene was dimly lit. Ruben Rodriguez also testified that
it was dark and he could not identify the shooter, who was wearing a hood and a cap. 
Rene Rodriguez stated that he could not identify the gunman because it was dark and
the gunman was wearing a dark cap, but he also noted that Oscar Garza was closer
to both the streetlight and the car when the shooting started. Oscar Garza, who was
unequivocal in his identification of the appellant, stated that he was near to the car
when the shooting started, was looking at the gunman when he began shooting, and
there was a street light near the area where the shooting occurred. Oscar Garza
denied that he was coerced into identifying the appellant as the man who shot him. 
Investigator Rosas denied any impropriety in the photographic line-up and stated that
Oscar Garza did not hesitate when he identified appellant.

 Applying the standard for factual sufficiency, this court concludes that, viewing
all the evidence, the verdict is not contrary to the overwhelming weight of the
evidence. The evidence is both legally and factually sufficient to support the verdict.
Point of error number eight is overruled.

 In point of error number nine, appellant argues that the trial court erred by
allowing the prosecution to re-open the case to establish venue was proper in Hidalgo
County after the appellant moved for a directed verdict on the ground that the State
had failed to prove venue. This argument lacks merit. To raise the issue of venue, a
defendant must challenge venue at some point during trial. Cunningham v. State, 848
S.W.2d 898, 901, (Tex. App.--Corpus Christi 1993, pet. ref'd). As discussed above,
when venue is challenged at trial, the state may reopen its case to prove venue. Tex.
Code Crim. Proc. Ann. art 36.02 (Vernon 1981); Cunningham, 848 S.W.2d at 902.
A failure to allow the State to reopen could be construed as reversible error. See
Cunningham, 848 S.W.2d at 902-03. Point of error number nine is overruled. 

 Appellant alleges in his tenth point of error that he received ineffective
assistance of counsel. Appellant divides his criticisms of his trial counsel into alleged
failings by counsel at the guilt/innocence phase of trial and at the punishment phase.

The standard by which ineffective assistance of counsel is determined is the same for
both the guilt/innocence and punishment phase of trial. Hernandez v. State, 988
S.W.2d 770, 771 (Tex. Crim. App. 1999)(en banc)(holding that the test enumerated
in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)
applies to penalty phase as well as guilt and innocence phase of trial). To show
ineffective assistance of counsel: 

[A] convicted defendant must (1) show his trial counsel's performance
was deficient, in that counsel made such serious errors he was not
functioning effectively as counsel, and (2) show that the deficient
performance prejudiced the defense to such a degree that appellant was
deprived of a fair trial. In this context, "prejudice" is demonstrated when
the convicted defendant shows a reasonable probability that, but for
counsel's unprofessional errors, the result of the proceeding would have
been different. On appeal, therefore, the reviewing court must first
determine whether, in light of all the circumstances, the acts or
omissions were outside the wide range of professional competent
assistance, and if so, whether there is a reasonable probability the result
of the trial or proceeding would have been different absent such deficient
conduct.


Holland v. State, 761 S.W.2d 307, 314 (Tex. Crim. App. 1988)(citing Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984))(citations
omitted). There is a strong presumption that the trial counsel provided effective
assistance. Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991)(en
banc). An appellant must overcome the presumption that the conduct being criticized
was a legitimate strategy on the part of the trial attorney. See Strickland, 104 S.Ct.
at 2065, 466 U.S. at 689.

 Appellant's first argument to support his claim of ineffective assistance of
counsel is that his trial counsel erred in raising the State's failure to prove venue prior
to the defense's closing arguments. Appellant speculates that the prosecution would
not have caught this issue, would have failed to submit evidence, and an acquittal or
successful appeal would have followed. Even assuming that the State would have
made this mistake, under Cunningham, as discussed above, it is unlikely that this
would have required an acquittal or supported a reversal on appeal. See Cunningham,
848 S.W.2d at 901-02.

 Appellant next raises the issue of ineffective assistance by pointing to the
testimony by Investigator Rosas that appellant did not waive his constitutional right
to remain silent. In response to the State's question as to whether he had taken a
statement from the defendant, the officer answered that he had not taken a statement
because the defendant did not waive his rights. Defense counsel offered no objection
to this testimony. On cross-examination defense counsel asked the officer if it was
unusual or unlawful for someone who is arrested to not waive their rights. The officer
agreed that such conduct was neither unusual nor criminal. It is within the range of
competent assistance for an attorney to not object to inadmissible testimony and
instead choose to attack the testimony on cross-examination. See Ashcraft v. State,
900 S.W.2d 817, 835 (Tex. App.--Corpus Christi 1995, 1 pet. ref'd, 1 pet. dism'd). 
Defense counsel emphasized during his closing argument that there was no
presumption of guilt attached to a defendant's refusing to make a statement to the
police. 

 Appellant also contends that trial counsel made a mistake by not objecting to
testimony by the police officer that the appellant remarked that he would be "out in
two years." An out-of-court declaration by a defendant or other party, offered for the
truth of matters asserted therein, is not considered to be hearsay when offered against
that party. Garcia v. State, 960 S.W.2d 329, 333 (Tex. App.--Corpus Christi 1997, 
no pet.)(citing Lewis v. State, 815 S.W.2d 560, 568 (Tex. Crim. App. 1991). Trial
counsel had no reason to object to this testimony.

 Appellant argues that trial counsel failed to timely object when Officer Rosas
related out-of-court statements made by the grandmother of the person believed to be
the driver of the car used in the shooting. The record clearly shows that trial counsel
did in fact object as soon as the officer began to discuss having spoken to the
grandmother. Trial counsel was competently representing appellant with this
objection.

 Appellant further claims that trial counsel erred by not pursuing a pre-trial
hearing and obtaining pre-trial rulings dealing with the admission of certain evidence. 
One of the pieces of evidence appellant believes should have been challenged is the
identification of appellant by Oscar Garza. The main thrust of appellant's argument
is that evidence involving the identification of appellant in a photographic line-up by
Mr. Garza would have been excluded. Appellant implies that the photographic line-up
was tainted by improper conduct by the police, however he does not elaborate as to
what improprieties he suspects may have occurred. It is unlikely that a pre-trial
hearing would have kept the eyewitness from testifying about what he saw. Mr.
Garza was thoroughly questioned on cross-examination by the appellant's trial counsel.

 Appellant further argues that trial counsel should have obtained rulings on a
variety of issues. These rulings would have forbidden the admission of statements
obtained from appellant in violation of his rights protected under the United States
Constitution, Texas Constitution, and the Texas Code of Criminal Procedure. Appellant
fails to show any evidence protected by these laws which was admitted. Appellant 

further argues that a motion in limine should have been obtained forbidding jury
argument concerning the fact that he was silent at the time of his arrest. No such
motion was necessary because the court included such an instruction in the jury
charge. 

 Appellant fails to show that as to the guilt/innocence phase of the trial his
counsel's performance was so deficient as to deprive him of a fair trial. Appellant does
not demonstrate that there is a reasonable probability that his trial would have
concluded differently but for his trial counsel's errors. See Holland, 761 S.W.2d at
314. 

 Appellant also questions the effectiveness of his counsel at the punishment
phase of the trial. Appellant argues that, outside the hearing of the jury, trial counsel
should have challenged the qualifications of a jail guard to comment on the appellant's
reputation, and had he done so the guard's testimony would not have been allowed. 
Although it is possible that this witness would not have been allowed to testify, any
harm which may have resulted was offset by trial counsel's cross-examination. Trial
counsel made it clear during cross-examination that the jail guard had no personal
knowledge of the appellant, beyond his admittedly limited contact with appellant while
appellant was incarcerated in the jail before trial. Appellant's trial counsel brought out
on cross-examination that the jail guard had never witnessed any misconduct on the
part of the appellant. Trial counsel's treatment of this witness, although not free of
criticism, was competent.

 Appellant next argues that his trial counsel should have objected when the State
moved to readmit at the punishment phase all of the evidence which had been brought
before the court in the guilt/innocence phase. This argument hinges on at least some
of that evidence being inadmissible. The evidence admitted during the guilt/innocence
phase was legitimately admitted or had been objected to and ruled upon. Not
objecting to this evidence was within the range of competent assistance. 

 Appellant's last allegations of ineffective assistance concern the admission of
the appellant's criminal record and related probation. Much of the evidence to which
appellant refers in this section consists of judgments sentencing appellant to probation. 
Evidence of a defendant's prior criminal record is admissible at the punishment phase
of a trial. Tex. Code Crim. Proc. art. 37.07, § 3(a) (Vernon Supp. 2000). The only
evidence of extraneous offenses to which trial counsel could have made an objection
with any chance of success was a reference by a probation officer to appellant's
misconduct while at the La Esperanza Home for Boys. 

 Appellant argues that his trial counsel should not have called the prosecuting
attorney to the stand to testify concerning appellant's plea of guilty in a case involving
a sexual assault. It appears that trial counsel called the prosecutor to the stand to try
to offset the damage caused by the legitimate admission in evidence of the appellant's 
plea of guilty to sexual assault. This was a somewhat daring tactical decision, but is
within the range of sound trial tactics. See Duhart v. State, 890 S.W.2d 187, 190
(Tex. App.--Corpus Christi 1994 no pet.)(daring tactics, although risky, are sometimes
successful and do not vitiate either the presumption of counsel's effectiveness or the
deference in the assessment of strategy). 

 Viewed in the light of all the circumstances, appellant's trial counsel acted
within the range of professional competent assistance. Point of error number ten is
overruled.

 The judgment of the trial court is AFFIRMED.




 ________________________

 LINDA REYNA YAÑEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 25th day of May, 2000.

 

1. The trial court granted the State's motion to dismiss count one on June 23,
1997, four days after the conclusion of the trial.