Eugene **GARCIA** a/k/a Robert Garcia, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–96–304–CR.

Court of Appeals of Texas, Corpus Christi.

Dec. 18, 1997.

---

Kenneth Botary, Corpus Christi, Ronald Delarose, Houston, for appellant.

Carlos Valdez, Dist. Atty., Adolfo Aguilo, Jr., Asst. Dist. Atty., Corpus Christi, for state.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and YANEZ, JJ.

## OPINION

DORSEY, Justice.

Eugene Lee Garcia appeals from his felony

conviction on a single count of murder[1] to which he pleaded not guilty. A jury sentenced appellant to twenty years' imprisonment. Appellant sought a new trial, but his motion was overruled by operation of law and this appeal ensued.

In three points of error, appellant challenges the trial court's failure to strike a juror for cause, admission of a letter written by appellant, and failure of the trial court to hold a hearing on appellant's motion for new trial. We affirm.

### FACTS

As appellant has not contested the sufficiency of the evidence, we recount only an abbreviated statement of the facts in this case. Appellant was leader of a local street gang known as the West Side Lench [sic] Mob. On the night of March 4, 1994, he attended a party with other members of his gang. Sergio Leija and some of his friends, members of a rival gang, drove past the residence as the party was breaking up. Appellant, using a gun provided by fellow gang member Sal Valerio, fired several shots at the passing car, striking Leija in the eye, and killing him. Appellant then instructed another of his gang to hide the gun.

While in jail awaiting trial, appellant wrote Sal Valerio a letter containing incriminating statements. During an investigation of a disturbance in a local park, the police found this letter on the roof of a park restroom. Though the letter was found in a sealed envelope bearing the names of both appellant and Mr. Valerio, the police elected to open and read the letter without first requesting Mr. Valerio's permission or obtaining a warrant.

### ANALYSIS

 Appellant's first point of error challenges the trial court's denial of his challenges for cause, thereby forcing appellant to accept an objectionable juror after exercising all his peremptory strikes. When the trial court errs in overruling such a challenge against a venireman, the defendant is harmed only if he uses a peremptory strike

to remove the venireman and thereafter suffers a detriment from the loss of the strike. *Demouchette v. State*, 731 S.W.2d 75, 83 (Tex.Crim.App.1986). Error is preserved only if appellant used all his peremptory strikes, asked for and was refused additional peremptory strikes, and was then forced to take an identified objectionable juror whom appellant would not otherwise have accepted had the trial court granted his challenge for cause or granted him additional peremptory strikes so that he might strike the juror. *Garcia v. State*, 887 S.W.2d 846, 852 (Tex. Crim.App.1994); *Adanandus v. State*, 866 S.W.2d 210, 220 (Tex.Crim.App.1993); *Satterwhite v. State*, 858 S.W.2d 412, 415 (Tex. Crim.App.1993); *see also Trevino v. State*, 815 S.W.2d 592, 611 n. 5 (Tex.Crim.App. 1991); *Demouchette*, 731 S.W.2d at 83. The record reflects that appellant used all of his peremptory strikes during jury selection. Though he requested an additional peremptory strike, which the trial court denied, appellant never complained to the trial court of having to tolerate an objectionable juror. Hence, appellant has not preserved this issue for our review. Appellant's first point is overruled.

In his second point of error, appellant complains of the trial court's failure to exclude evidence in the form of a private letter written by appellant and mailed to a fellow gang member, Sal Valerio. First, appellant challenges the method by which the police came into possession of this letter, claiming illegal search and seizure. Next, appellant challenges the officers' failure to obtain either Valerio's consent to read the letter or a warrant, pursuant to the Fourth Amendment, authorizing them to open and read the letter. Appellant further complains, in this same point, of the trial court's failure to permit counsel "time to present his evidence to the court to defeat State's attempt to have the letter admitted for use against the Appellant when he testified in his own defense." Finally appellant claims the letter should properly have been excluded as hearsay.

### Target Standing

 Appellant's proposal that he qualifies for Fourth Amendment protection against

---

1. Tᴇx. Pᴇɴᴀʟ Cᴏᴅᴇ Aɴɴ. § 19.02 (Vernon 1994).

unreasonable search and seizure amounts to a claim of "target" standing, that is, the theory whereby any criminal defendant at whom a search was directed or "targeted" would have standing to contest the legality of that search and object to the admission at trial of evidence obtained as a result of the search.

■ The United States Supreme Court, in *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), held Fourth Amendment rights are personal rights which may not be vicariously asserted, and that the rule of standing to raise vicarious Fourth Amendment claims should not be extended by a so-called "target" theory. *Id.* at 134, 99 S.Ct. at 425–26 In *Rakas,* the Court held the petitioners, who asserted neither a property nor a possessory interest in the automobile searched nor an interest in the property seized, and who failed to show they had any legitimate expectation of privacy in the glove compartment or area under the seat of the car in which they were merely passengers, were not entitled to challenge a search of those areas. *Rakas* 439 U.S. at 134, 99 S.Ct. at 425–26. *Rakas* made clear that an accused lacks standing to challenge the admission of evidence obtained in searching an area respecting which he did not have a legitimate expectation of privacy. Only individuals whose Fourth Amendment rights have been violated are entitled to benefit from the exclusionary rule's protection. *Rakas,* 439 U.S. at 134, 99 S.Ct. at 425–26; *see Calloway v. State,* 743 S.W.2d 645, 650–51 (Tex.Crim.App.1988).

The Texas Court of Criminal Appeals holds that standing to assert Fourth Amendment rights can be established in three ways: (1) the accused is lawfully present at the premises during the search; (2) the item seized is an essential element of the offense; or (3) the accused has either proprietary or possessory interest in the place searched. *Johnson v. State,* 583 S.W.2d 399, 404 (Tex. Crim.App.1979) (citing *Rakas* ); *Kleasen v. State,* 560 S.W.2d 938, 941 (Tex.Crim.App. 1977). *See also Puente v. State,* 888 S.W.2d 521, 525 (Tex.App.—San Antonio 1994, no pet.). Appellant satisfies none of these three requirements: at the time of the search in the present case, appellant was in jail awaiting trial for the offense in question; the letter seized was not an essential element in the charged offense of murder; and appellant has no proprietary or possessory interest in either the public restroom where the letter was found or the letter itself (having been delivered into the possession of the addressee).

Likewise, we note appellant cannot rely on code of criminal procedure article 38.23 to circumvent the standing requirement. The court of criminal appeals specifically foreclosed such an argument in *Fuller v. State,* 829 S.W.2d 191 (Tex.Crim.App.1992). The court there held:

We do not interpret the sweeping language of article 38.23(a) to confer automatic third party standing upon all persons accused of crimes, such that they may complain about the receipt of evidence which was obtained by violation of the rights of others, no matter how remote in interest from themselves. Although article 38.23 might be read in such a way, we are simply unwilling, by statutory interpretation, to work such a fundamental change in this State's elemental law of standing without a rather more explicit indication of legislative intent."

*Fuller,* 829 S.W.2d at 202.

Appellant, though undoubtedly interested in the State's reading his personal correspondence uninvited, possesses no cognizable privacy claim. When the postal service delivered appellant's letter to the addressee, it delivered over appellant's claim to any reasonable expectation of privacy in that letter as well. Having passed beyond his control and into the control of one not his agent, appellant lost standing to complain of any Fourth Amendment violation. That the search and seizure of the letter may have been illegal and that the addressee may have claims to raise against the state is of no moment here, and of no benefit to appellant.

### Consent or Warrant

Absent a showing of standing, we need not address appellant's contention that the police should properly have obtained either consent

or a warrant to open Mr. Valerio's letter. Likewise, we need not address the State's argument that Mr. Valerio had abandoned the letter by depositing it upon the roof of the park restroom.

## Continuance

■ Appellant also complains of the trial court's failure to afford him additional time to prepare. Appellant previously requested, and received, two continuances, November 11, 1994, and January 15, 1995. Trial began March 25, 1996, and on March 27, appellant's counsel requested additional time to "develop [the] record." Because appellant made no written and sworn motion for continuance, any trial error associated with this issue has not been preserved for review. TEX.CODE CRIM. PROC. ANN. arts. 29.03, 29.08 (Vernon 1989); *Matamoros v. State*, 901 S.W.2d 470, 478 (Tex.Crim.App.1995). So far as appellant's complaint of the trial court's failure to afford him time to develop his objections to the introduction of evidence, we note the trial court agreed to allow appellant time to develop the record for appeal but appellant did not do so.

## Hearsay

■ Appellant objected to the introduction of the letter on the ground it was inadmissible hearsay. The State responded that the letter qualified as an exception to hearsay as a statement against appellant's interest. The trial court overruled the hearsay exception without stating the basis for its ruling. Statements against interest are admissible under three separate theories. First, the out-of-court declarations of a defendant or other party, offered for the truth of matters asserted therein, are considered not to be hearsay when they are "offered against [that] party[.]" *Lewis v. State*, 815 S.W.2d 560, 568 (Tex.Crim.App.1991); TEX. CODE CRIM. PROC. ANN. art. 38.21 and TEX. R.CRIM. EVID. 801(e)(2). Generally, the acts or declarations of an accused from which guilt may be inferred are receivable against him as admissions. *Russell v. State*, 598 S.W.2d 238, 254 (Tex.Crim.App.1980); *Fontenot v. State*, 708 S.W.2d 555, 558 (Tex.App.— Houston [1st Dist.] 1986, pet. dism'd). Second, statements made by co-defendants in the course of or furtherance of a conspiracy are not hearsay and are admissible. TEX. R.CRIM. EVID. 801(e)(2)(E). Third, such statements may be used by the State to impeach a witness. TEX.R.CRIM. EVID. 612; *Miles v. State*, 918 S.W.2d 511, 518–19 (Tex. Crim.App.1996).

In the instant case, the statements appellant made to Valerio and the other members of the Lench Mob fall within the definition of statements against interest and are not hearsay. Further, the State offered the statements in response to appellant's own testimony as impeachment evidence. We overrule appellant's second point of error.

## Motion for New Trial

■ Appellant contends, in his third point of error, the trial court abused its discretion by failing to hear his motion for new trial. The rules of appellate procedure authorize a trial court to hear evidence on a motion for new trial by affidavit or otherwise. TEX.R.APP. P. 31(d). The right to a hearing on a motion is not an absolute right. *Reyes v. State*, 849 S.W.2d 812, 815 (Tex.Crim.App. 1993). We review a trial court's decision not to set a hearing under an abuse of discretion standard. *Id.* As a prerequisite to a hearing, and as a matter of pleading, motions for new trial must be supported by an affidavit of either the accused or someone else specifically showing the truth of the grounds asserted. *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim.App.1994); *Reyes*, 849 S.W.2d at 816. If the defendant's motion and affidavit are sufficient, a hearing on the motion is mandatory. *Reyes*, 849 S.W.2d at 816. We must determine whether the affidavit shows reasonable grounds that would entitle the defendant to a hearing on the motion. *Jordan*, 883 S.W.2d at 665. A motion for new trial must be sufficient to put the trial judge on notice that reasonable grounds exist to believe a new trial is warranted. *Sandoval v. State*, 929 S.W.2d 34, 36 (Tex.App.—Corpus Christi 1996, pet. ref'd).

After review of the clerk's record, we conclude the affidavits provided by appellant were insufficient to justify a new trial. Appellant's sole affidavit pertained to his con-

tention the jurors were guilty of misconduct. Not only is this affidavit flawed by the absence of a sworn assertion as to the truth of the statement therein, it contains only the assertion of appellant's counsel as to comments allegedly made by jurors—no statement by any of the jurors themselves. The trial court did not abuse its discretion in allowing the motion to lapse by operation of law. Appellant's third and final point is overruled.

The trial court's judgment is AFFIRMED.